UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RON WATERMAN, | | |
| | Petitioner, | Case No. C11-539-MJP-JPD |
| v. | | |
| PATRICK GLEBE, | | ORDER RE: PENDING MOTIONS AND DIRECTING PARTIES TO SUPPLEMENT THE RECORD |
| | Respondent. | |

This is a federal habeas action filed under 28 U.S.C. § 2254.  There are seven motions currently pending before the Court including petitioner's three motions to expand the record, petitioner's motions for discovery, for an evidentiary hearing, and for summary judgment, and respondent's motion for an order directing petitioner to comply with Rule 5(a) of the Federal Rules of Civil Procedure.  In addition to the seven pending motions, petitioner's federal habeas petition is currently ripe for consideration.  This Court having reviewed all pending motions, and the balance of the record, does hereby ORDER as follows:


ORDER RE: PENDING MOTIONS AND
DIRECTING PARTIES TO SUPPLEMENT
THE RECORD - 1

(1)     Petitioner's motions to expand the record (Dkt. Nos. 34, 61 and 67) are DENIED. In appropriate circumstances, the Court may direct the parties in habeas corpus actions "to expand the record by submitting additional materials relating to the petition." Rule 7(a), Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner, by way of the instant motions, seeks permission to expand the record with additional exhibits including emails, materials related to the annulment of his marriage, and materials produced by U.S. Citizenship and Immigration Services ("USCIS"). Some of the documents are in hard copy and some are contained on compact discs.

A review of the petition, the briefs of the parties, and the state court record suggests that a substantial number of petitioner's federal habeas claims are not eligible for federal habeas review because they were not properly exhausted in the state courts and are now procedurally barred. However, the state court record currently before the Court is not sufficiently complete to permit a thorough exhaustion or merits analysis and, thus, the Court will not state conclusively at this juncture which claims it deems to have been properly exhausted and which claims are procedurally barred. The Court is nonetheless satisfied, despite the deficiencies in the record, that the materials petitioner seeks to add to the record are not relevant to any issue, procedural or substantive, that the Court will be required to decide. Accordingly, petitioner's requests to expand the record with Exhibit Q, parts 1, 2 and 3, and Exhibit R, CDs 5, 6, 7 and 8, are denied.

(2)     Petitioner's motion for discovery (Dkt. No. 58) is DENIED. The Court has discretion to grant a party leave to undertake discovery in § 2254 proceedings if a party is able to demonstrate that good cause exists for such a request. Rule 6(a), Rules Governing Section 2254 Proceedings in the United States District Courts.

ORDER RE: PENDING MOTIONS AND
DIRECTING PARTIES TO SUPPLEMENT
THE RECORD - 2

Petitioner, by way of the instant motion, asks that the Court order production of various documents from USCIS, the King County Prosecutor, Andiano Communications, attorney Nicholas Marchi, the U.S. Department of State, the King County Sheriff, and the King County Superior Court.  Plaintiff also asks that he be granted leave to depose Randall Hall, petitioner's trial counsel; Dr. Bonnie Bhatti, a licensed social worker who evaluated one of the victim's of petitioner's crimes; and, Sandra Bayer, a neighbor of petitioner's in Taunton, Massachusetts. While petitioner offers a detailed explanation of why he believes he is entitled to the requested discovery, he fails to satisfy this Court that any of the requested discovery is relevant to the question of whether he is ultimately entitled to federal habeas relief in this action.  Accordingly, petitioner's request for discovery is denied.

(3) Petitioner's motion for an evidentiary hearing (Dkt. No. 59) is DENIED.  An evidentiary hearing "is required when the petitioner's allegations, if proven, would establish the right to relief."  *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir.1998).  It "is *not* required on issues that can be resolved by reference to the state court record." *Id.* (emphasis in original).  At this juncture, because of deficiencies in the state court record, the Court cannot conclusively determine whether an evidentiary hearing will be required.  The Court will evaluate the need for an evidentiary hearing once the record is complete.  The parties are advised that the Court will *not* accept any further briefing on the issue of whether an evidentiary hearing is required unless the Court, at a later time, specifically invites such briefing.

(4) Respondent's motion to direct petitioner to comply with Rule 5(a) of the Federal Rules of Civil Procedure (Dkt. No. 64) is GRANTED.  Respondent asserts in the instant motion that he has recently become aware that petitioner fails to serve identical pleadings on the Court

ORDER RE: PENDING MOTIONS AND
DIRECTING PARTIES TO SUPPLEMENT
THE RECORD - 3

and on respondent, and he requests that petitioner be ordered to comply with Fed. R. Civ. P. 5(a). Petitioner acknowledges in his response to respondent's motion that some of the documents he has submitted to the Court for filing are not identical to those served on respondent. Petitioner offers a variety of explanations for the discrepancies, but maintains that he has not, in any event, violated Fed. R. Civ. P. 5(a) because he served on respondent all documents *required* to be served under that rule.

Petitioner is advised that whether or not he believes Fed. R. Civ. P. 5(a) requires him to serve certain documents on respondent, this Court unequivocally requires petitioner to serve every document submitted to the Court for filing on counsel for respondent. The Court further requires that every document filed with the Court be identical in form and substance to the document served on counsel for respondent. Any future submission by petitioner which does not comply with this directive will be stricken.

(5)     As noted above, the record before this Court is not complete. Specifically, this Court's review of the record reveals that petitioner's opening brief in the personal restraint proceeding filed under cause number 83528-4 is incomplete. (*See* Dkt. No. 46, Ex. 22.) The table of contents for that document indicates that the brief is at least 120 pages in length but the last page provided to the Court is page 51. As it appears that the remaining pages of the brief may be necessary for the Court to resolve the issue of exhaustion with respect to petitioner's ineffective assistance of counsel claims, the Court must obtain the remaining pages of that document before this action proceeds.

It further appears that the Court is not in possession of a complete copy of the trial transcript in this matter. Respondent did not submit a copy of the transcript with his materials

ORDER RE: PENDING MOTIONS AND
DIRECTING PARTIES TO SUPPLEMENT
THE RECORD - 4

and the copy of the transcript submitted by petitioner is incomplete.  As at least some of petitioner's habeas claims will be resolved on the merits, a complete copy of the transcript is required.

Finally, the Court notes that four compact discs ("CDs") which petitioner submitted to the Court in April 2011, identified as Exhibit R, CD numbers 1, 2, 3 and 4, arrived damaged. The Court is uncertain at this juncture whether it will be necessary to review those materials in order to address the merits of petitioner's properly exhausted claims.  However, petitioner is placed on notice that those CDs are unusable in their current form.

Respondent is directed to supplement the record with a complete copy of exhibit 22, and a complete copy of the trial transcript, not later than *April 6, 2012*.  Petitioner is directed to provide the Court with replacement copies of the CDs submitted as a part of Exhibit R by the same date if he wishes to have the Court review those materials.

(6) Petitioner's pending motion for summary judgment (Dkt. No. 60) will be considered in conjunction with petitioner's federal habeas petition.  Thus, petitioner's motion for summary judgment, and petitioner's federal habeas petition, are RE-NOTED on the Court's calendar for consideration on *April 6, 2012*.

(7) The Clerk is directed to send copies of this Order to petitioner, to counsel for respondent, and to the Honorable Marsha J. Pechman.

DATED this 6th day of March, 2012.

_____
JAMES P. DONOHUE
United States Magistrate Judge

ORDER RE: PENDING MOTIONS AND
DIRECTING PARTIES TO SUPPLEMENT
THE RECORD - 5